**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

CASE NO.

STUART CHERWONY,

    Plaintiff,

v.

COMENITY BANK,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### NATURE OF ACTION

1. This is an action brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*.

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1681p, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this district, and Defendant transacts business in this district.

### PARTIES

4. Plaintiff Stuart Cherwony ("Plaintiff") is a natural person who at all relevant times resided in the State of Florida, County of Palm Beach, and City of Boca Raton.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) and 15 U.S.C. § 1692a(3).

6. Defendant Comenity Bank ("Defendant") is a corporation authorized to do business in the State of Florida.

7. Defendant uses a means or facility of interstate commerce for the purpose of furnishing information to consumer reporting agencies.

8. Defendant is a "person" as defined by 15 U.S.C. § 1681a(b).

## THE FAIR CREDIT REPORTING ACT

9. The FCRA was enacted by Congress to ensure fair and accurate credit reporting, promote efficiency in the banking system, and to protect consumer privacy. *See Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007).

10. To further purpose of protecting consumer privacy, the FCRA requires that consumer reporting agencies ("CRA") may only furnish a report regarding a consumer to a person who has a "permissible purpose" to use that consumer's report. *See* 15 U.S.C. § 1681b(a)-(b).

11. A permissible purpose exists where a person "intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to…the consumer." 15 U.S.C. § 1681b(a)(3)(A).

12. Obtaining a consumer report is colloquially known as "pulling" a consumer's credit report.

13. In contrast to a "soft" pull of an individual's consumer report, which does not affect the consumer's credit score, "a 'hard pull' involves accessing a credit report for the purpose of issuing new credit or increasing the amount of existing credit. These inquiries can be seen by potential creditors and can impact a consumer's credit score." *Banga v. First USA, NA*, C

10-0975 SBA, 2014 WL 1158872, fn. 2 (N.D. Cal. 2014) *reconsideration denied*, C 10-0975 SBA, 2014 WL 3533423 (N.D. Cal. 2014).

14.     Thus, limiting access to consumer reports and prohibiting persons from obtaining consumer reports without a permissible purpose not only promotes consumer privacy, but it also promotes congressional intent of promoting a fair credit reporting system, as it gives consumers a greater ability to manage their credit scores.

## FACTUAL ALLEGATIONS

15.     Around December 2013, Plaintiff's wife applied for a Pottery Barn-label credit card issued by Defendant.

16.     Plaintiff did not apply for a Pottery Barn credit card.

17.     Plaintiff's wife did not include him on the Pottery Barn credit card application.

18.     Thereafter, Plaintiff received correspondence from Defendant alleging that Plaintiff had applied for a Pottery Barn credit card and that it could not approve his application due to information obtained from pulling Plaintiff's Experian credit report.

19.     Upon information and belief, Defendant knowingly and intentionally obtained Plaintiff's consumer report in connection with his wife's application.

20.     As such, Defendant knowingly and willfully obtained a consumer report for Plaintiff without a permissible basis.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1681b(f)(1)

21.     Plaintiff repeats and re-alleges each and every factual allegation above.

22.     Defendant violated 15 U.S.C. § 1681b(f)(1) by using or obtaining a consumer report for any purpose unless the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished..

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1681b(f)(1);

b) Awarding Plaintiffs actual or statutory damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A); 15 U.S.C. § 1681o(a);

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1681n(a)(3); 15 U.S.C. § 1681o(a);

d) Awarding Plaintiff punitive damages, pursuant to 15 U.S.C. § 1681n(a)(2);

e) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: October 27, 2014.

Respectfully submitted,

**STUART CHERWONY**

By: Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG CONSUMER LAW GROUP, PA
ATTORNEY FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 290
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@afclaw.com

*Co-counsel with THOMPSON CONSUMER LAW GROUP, PLLC*

5235 E. Southern Ave. D106-618
Mesa, AZ 85206
tclg@consumerlawinfo.com